# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

MARY F. NEWTON,     )
     )
     Plaintiff,     )
     )
v.     )   CV 307-058
     )
MICHAEL J. ASTRUE,     )
Commissioner of Social Security,     )
     )
     Defendant.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, through counsel, commenced the above-captioned case under the Social Security Act pursuant to 42 U.S.C. § 405(g) and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 4). Plaintiff effected service upon Defendant. On December 10, 2007, Defendant filed his answer to Plaintiff's complaint. (Doc. no. 6). Thereafter, the Court issued a Briefing Order in which Plaintiff was directed to file her brief within thirty days of the Order. (Doc. No. 8, p. 3). Thus, Plaintiff's brief was due on or about January 14, 2008. Plaintiff then requested, and was granted, an extension to file her brief until and including February 13, 2008. (Doc. nos. 9, 11). Plaintiff did not file her brief. On March 12, 2008, the Court issued an Order directing Plaintiff to show cause within ten (10) days of the Order, why this case should not be dismissed without prejudice for failure to prosecute. (Doc. no. 12). Plaintiff did not respond to the Court's March 12th Order.

Thus, the time in which to respond to the Court's Order has long since expired. Yet, Plaintiff has not filed her brief, explained her failure to do so, nor has she communicated

with the Court in any way. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rule of the Southern District of Georgia 41.1 for Want of Prosecution, dictates that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c); see also Fed. R. Civ. P. 41(b).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Plaintiff's failure to comply with Court orders or to communicate with the Court in any way amounts to a failure to prosecute, and it is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction. The Court is not permanently barring Plaintiff from bringing a meritorious claim, it is simply dismissing the case without prejudice until such time as Plaintiff is willing to file her case and pursue it.

Therefore, the Court **REPORTS** and **RECOMMENDS** that this case be

**DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE